UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| HENRY CARTER : | |
| : | PRISONER |
| v. : | Case No. 3:08-cv-684(VLB) |
| : | |
| WARDEN LEE, ET AL. : | |

## ORDER

There is a one-year statute of limitations for filing a federal petition for writ of habeas corpus challenging a judgment of conviction imposed by a state court. The limitations period begins on the day the conviction becomes final and is tolled during the time any state court challenge to the conviction is pending.[1] See 28 U.S.C. §2244(d).

The Connecticut Appellate Court affirmed petitioner's conviction on May 26, 1998. See State v. Carter, 48 Conn. App. 755, 713 A.2d 255 (1998). The

---

[1]Section 2244(d) provides:
1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
...
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Connecticut Supreme Court denied the petition for certification to appeal the decision of the Appellate Court on September 15, 1998. See State v. Carter, 247 Conn. 901, 719 A.2d 905 (1998). His conviction became final on December 14, 1998, at the expiration of the time within which he could have filed a petition for certiorari to the United States Supreme Court. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001) (one-year statute of limitations begins to run from date upon which "the time to seek direct review via certiorari has expired").

The limitations period is tolled by the filing of a state habeas petition. See 28 U.S.C. § 2244(d)(2). The petitioner states that he filed a state habeas petition in New Haven Superior Court, but does not indicate when he filed the petition. The state court docket reflects a habeas petition filed in February 2002. See Carter v. Warden, NNH-CV-02-0461342-S (Conn. Super. Ct. February 27, 2002). It is unclear from the docket sheet, however, whether there was a prior habeas petition that may have been consolidated with the 2002 petition. See http://civilinquiry.jud.ct.gov. (last visited November 13, 2008). Even if the petitioner filed a state habeas petition within one year of the date his conviction became final and that petition was consolidated with a petition filed in 2002, more than a year elapsed between the dismissal of the consolidated petitions in November 2005, and the filing of this action. See Carter, NNH-CV-02-0461342-S (Conn. Super. Ct. November 15, 2005). There is no indication from the docket sheet that the petitioner appealed the dismissal. Thus, it is apparent that more than one year passed either between the date the petitioner's conviction became

final, on December 14, 1998, and the date he filed a state habeas petition or between the conclusion of the state habeas petition and the filing of the present petition. The petitioner did not file the present petition until May 1, 2008, the day he presumably handed the petition to prison officials for mailing to the court.[2] Thus, it is apparent that more than one year passed before the petitioner filed the present petition.

Accordingly, petitioner is ordered to demonstrate how this petition is timely filed. Petitioner shall file his response within thirty (30) days from the date of this order. If the court has not received a response within the time specified, the case will be dismissed.

SO ORDERED this 24th day of November, 2008, at Hartford, Connecticut.

                                          /s/
                                VANESSA L. BRYANT
                                UNITED STATES DISTRICT JUDGE

---

[2] May 1, 2008, is the date of the check that petitioner sent in with his petition to pay the filing fee.