UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| **HENRY CARTER** | : |
| | :    **PRISONER** |
| v. | :    Case No. 3:08cv684(VLB |
| | : |
| **WARDEN LEE, ET AL.** | : |

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, a Connecticut inmate proceeding pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 1995 murder conviction.  For the reasons that follow, the petition is dismissed.

Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court.  The limitations period begins on the day the conviction becomes final and is tolled during the time any state court challenge to the conviction is pending.  See 28 U.S.C. § 2244(d).

Untimeliness of a federal habeas petition usually is raised in a motion to dismiss the petition.  However, the court may raise the statute of limitations sua sponte where petitioner's failure to present his claims to the state's highest court is apparent from the face of the petition and notice is provided to the petitioner. See Day v. McDonough, 547 U.S. 198, 209 (2006).

On November 24, 2008, the court notified petitioner that the petition

appeared to be time-barred and afforded him an opportunity to address the issue. The petitioner has not responded to the court's order or sought an extension of time to do so.

The Connecticut Appellate Court affirmed petitioner's conviction on May 26, 1998.  See State v. Carter, 48 Conn. App. 755, 713 A.2d 255 (1998).  The Connecticut Supreme Court denied the petition for certification to appeal the decision of the Appellate Court on September 15, 1998.  See State v. Carter, 247 Conn. 901, 719 A.2d 905 (1998).  His conviction became final on December 14, 1998, at the expiration of the time within which he could have filed a petition for certiorari to the United States Supreme Court.  See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001) (one-year statute of limitations begins to run from date upon which "the time to seek direct review via certiorari has expired").

The limitations period is tolled by the filing of a state habeas petition.  See 28 U.S.C. § 2244(d)(2).  The petitioner states that he filed a state habeas petition in New Haven Superior Court, but does not indicate when he filed the petition.  The state court docket reflects a habeas petition filed in  February 2002.  See Carter v. Warden, NNH-CV-02-0461342-S (Conn. Super. Ct. February 27, 2002).  It is unclear from the docket sheet, however, whether there was a prior habeas petition that may have been consolidated with the 2002 petition.  See http://civilinquiry.jud.ct.gov. (last visited January 14, 2009). Even if the petitioner filed a state habeas petition within one year of the date his conviction became final and that petition was consolidated with a petition filed in 2002, more than a

year elapsed between the dismissal of the consolidated petitions in November 2005, and the filing of this action.  See Carter, NNH-CV-02-0461342-S (Conn. Super. Ct. November 15, 2005).  There is no indication from the docket sheet that the petitioner appealed the dismissal.  Thus, it is apparent that more than one year passed either between the date the petitioner's conviction became final, on December 14, 1998, and the date he filed a state habeas petition or between the conclusion of the state habeas petition and the filing of the present petition.  The petitioner did not file the present petition until May 1, 2008, the day he presumably handed the petition to prison officials for mailing to the court.[1]  Thus, it is apparent that more than one year passed before the petitioner filed the present petition.

The petition for writ of habeas corpus [Doc. #1] is hereby DISMISSED as barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d)(2).  The court concludes that jurists of reason would not find it debatable that the petition is time-barred.  Thus, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  The Clerk is directed to close this case.

SO ORDERED this 14th day of January, 2009, at Hartford, Connecticut.

---

[1] May 1, 2008, is the date of the check that petitioner sent in with his petition to pay the filing fee.

                                                                 **/s/**
                                      **Vanessa L. Bryant**
                                      **United States District Judge**